UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY GILLIAM, | No.  2:15-cv-1271 TLN CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DEBBIE MAGISTRADO, et al., | |
| Defendants. | |

Defendant Aulakh's motion to dismiss came on regularly for hearing on August 19, 2015. Plaintiff Jerry Gilliam appeared in propria persona.  Defendants Debbie Magistrado, Marsha McHugh, and James Gilliam appeared in propria persona.[1]  Gregory Fayard appeared telephonically for defendant Aulakh. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges tort claims against his siblings (Debbie Magistrado, Marsha McHugh, James Gilliam) and his ex-wife's former lawyer (Christina Aulakh) arising out of a custody dispute regarding plaintiff's daughter.  Plaintiff alleges that he married a Filipino woman in 2006, that he fathered their daughter who was born in 2007, and that plaintiff and his wife

---

[1] The court construes the appearance and argument at the hearing by the remaining defendants to be a joinder in the motion to dismiss.

1

separated in 2008, after which plaintiff's wife moved to the Philippines with their daughter. Plaintiff further alleges that in January, 2010, a divorce decree was entered in Sacramento County and that the Sacramento Superior Court held that custody and visitation issues related to the daughter would be determined by a court in the Philippines. Plaintiff contends that defendants have conspired to hide the whereabouts of his child and have inflicted emotional distress on him.

Defendant Aulakh, joined by the remaining defendants, moves to dismiss on the grounds that the court should abstain from exercising diversity jurisdiction under the domestic relations exception and that in the alternative, the case should be dismissed as barred by res judicata.[2] The first issue is dispositive.[3]

////

---

[2] In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendant has requested this court take judicial notice of documents filed in the instant action and in Gilliam v. Gilliam, 2:14-cv-2454 MCE AC (E.D. Cal.). ECF No. 5-2. That request is granted.

[3] Because the court has determined that plaintiff is collaterally estopped from relitigating the jurisdictional issue, the court need not reach defendant's argument that the claims raised in the instant action are barred by res judicata. The court notes, however, that the findings and recommendations issued in the prior action provided two alternative bases for dismissal. The first was predicated on the domestic relations exception to diversity jurisdiction. While that determination is not a judgment on the merits, the court also found that plaintiff could not state a claim. Although plaintiff did not file an appeal in the prior action, he now contends that the court wrongly decided the jurisdictional issue. Assuming arguendo that plaintiff is correct in this contention, the determination that plaintiff could not state a claim is a decision on the merits to which res judicata applies. See Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).
   Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). Stated differently, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action."); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). In this case, all of plaintiff's tort claims arise out of the same transactional nucleus of facts. Although plaintiff attempts to recharacterize his claims by attaching different tort labels, the basic underlying claim is that his siblings and his ex-wife's former attorney have interfered with his parental rights. All of the claims that plaintiff now raises were either previously adjudicated adversely to plaintiff or could have been raised in the prior action. As such, res judicata would bar this subsequent action even if plaintiff is correct in his argument that the jurisdictional issue was wrongly decided in the prior action.

Virtually an identical complaint was previously filed by plaintiff in this court. In the prior action, findings and recommendations were filed recommending that the action be dismissed.[4] See Gilliam v. Gilliam, et al., 2:14-cv-2454 MCE AC PS, Findings and Recommendations filed April 21, 2015 (ECF No. 45). The Magistrate Judge found that the action should be dismissed under the domestic relations exception to diversity jurisdiction. The Magistrate Judge also found that plaintiff had not stated, and could not state, a cause of action against the defendants. The findings and recommendations were adopted by the District Judge on June 1, 2015 and judgment was entered. Id. at ECF Nos. 49, 50. The instant litigation was filed two weeks later on June 15, 2015. Plaintiff reprises the same cause of action for emotional distress arising out of the alleged conspiracy to deprive plaintiff of his parental rights and has added claims for interference with contract, invasion of privacy, and civil conspiracy to obstruct parental rights.

The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

In Coats, plaintiff, invoking 42 U.S.C. § 1983, alleged that her ex-husband and others involved in state court proceedings had wrongfully deprived her of custody of her children. Defendants included the former husband and his current wife, their attorney, the court-appointed attorney for the children, a court-appointed psychologist, two court commissioners, two superior court judges, the county, the police department, and an organization called United Fathers.

---

[4] The prior action also named as a defendant plaintiff's ex-wife.

3

Because the action at its core implicated domestic relations issues, the Ninth Circuit affirmed the district court's decision to abstain from exercising jurisdiction.  Although the instant action does not seek direct adjudication of plaintiff's parental rights or custody arrangements, the gravamen of the complaint is at its core a child custody dispute.  As such, this court should abstain from exercising diversity jurisdiction.

Moreover, the issue of the domestic relations exception to diversity jurisdiction has previously been adjudicated adversely to plaintiff.  As such, plaintiff is collaterally estopped from relitigating the issue of jurisdiction.  See generally Mitchell v. Secretariat of Land Recl., 887 F.2d 1089 (9th Cir. 1989) (final determination on jurisdictional issue conclusive in subsequent federal litigation if later suit is between same parties, on same issue, and if issue sought to be precluded was actually litigated and necessary to prior determination); see also Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000) (dismissal for lack of subject matter jurisdiction precludes relitigation of issues determined in ruling on jurisdictional question); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006).

Plaintiff has filed a motion to amend (ECF No. 14) which has not been noticed for hearing.  The proposed amended complaint (ECF No. 16) does not overcome the domestic relations exception nor does it set forth any circumstances precluding the collateral estoppel effect of the prior adjudication of this issue.  Because amendment would be futile, the court will recommend that the motion to amend be denied.

Plaintiff is cautioned that if these findings and recommendations are adopted and the case is dismissed, filing another complaint which is duplicative of the claims raised heretofore may result in plaintiff being declared a vexatious litigant and being subjected to a pre-filing review order.  Plaintiff is also cautioned that he is subject to the provision of 28 U.S.C. § 1927 (A person "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").  See Wages v. Internal Revenue Service, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (pro se plaintiff subject to section 1927 sanctions).

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 5) be granted;

2. Plaintiff's motion to amend (ECF No. 14) be denied.

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 24, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 gilliam1271.57